No.   25-11253

In the

# United States Court of Appeals

*for the*

# Fifth Circuit

IN RE Naoise Connolly Ryan, Emily Chelangat Babu and Joshua Mwazo
Babu, Catherine Berthet, Huguette Debets, Luca Dieci, Bayihe Demissie, Sri
Hartati, Zipporah Kuria, Javier de Luis, Nadia Milleron and Michael Stumo, Chris
Moore, Paul Njoroge, Yuke Meiske Pelealu, John Karanja Quindos, and Guy Daud
Iskandar Zen S., Rini Soegiyono, Dayinta Anggana, Helda Aprilia, Serly
Oktaviani, Wilson Sandi, Hendrarti Hendraningrum, Dody Widodo, Myrna
Juliasari, Merdian Agustin, Adhitya Wirawan, M. Sholekhudin Zuhri, Siska Ong,
Wenny Sia Wijaya, Suharto, Rohmiyatun, Sri Umi Anggraini, Permana
Anggrimulja, Linda Manfredi, Sonia Lorenzoni, and Maurizio Manfredi — Crime
Victim Rights Act Petitioners.

## MOTION FOR ASSIGNMENT OF A REASSERTED WRIT OF
## MANDAMUS BACK TO THE SAME PANEL THAT HANDLED THE
## EARLIER PETITION

**Mandamus from the**
**United States District Court for the**
**Northern District of Texas**
**Case No. 4:21-cr-005-O**

Warren T. Burns
Darren P. Nicholson
Chase Hilton
Burns Charest LLP
900 Jackson Street, Suite 500
Dallas, Texas 75202
wburns@burnscharest.com
nicholson@burnscharest.com
chilton@burnscharest.com

Paul G. Cassell (Utah Bar No. 06078)
(Counsel of Record)
Utah Appellate Project
S.J. QUINNEY COLLEGE OF LAW
University of Utah
383 S. Univ. St.
Salt Lake City, UT 84112
Telephone: (801) 585-5202
cassellp@law.utah.edu

(no institutional endorsement implied)
*Additional counsel on signature page.*
*Attorneys for Crime Victims'*
*Representatives-Petitioners*

## CERTIFICATE OF INTERESTED PARTIES AND CORPORATE DISCLOSURE STATEMENT

No. ___

IN RE Naoise Connolly Ryan, Emily Chelangat Babu and Joshua Mwazo Babu, Catherine Berthet, Huguette Debets, Luca Dieci, Bayihe Demissie, Sri Hartati, Zipporah Kuria, Javier de Luis, Nadia Milleron and Michael Stumo, Chris Moore, Paul Njoroge, Yuke Meiske Pelealu, John Karanja Quindos, and Guy Daud Iskandar Zen S., Rini Soegiyono, Dayinta Anggana, Helda Aprilia, Serly Oktaviani, Wilson Sandi, Hendrarti Hendraningrum, Dody Widodo, Myrna Juliasari, Merdian Agustin, Adhitya Wirawan, M. Sholekhudin Zuhri, Siska Ong, Wenny Sia Wijaya, Suharto, Rohmiyatun, Sri Umi Anggraini, Permana Anggrimulja, Linda Manfredi, Sonia Lorenzoni, and Maurizio Manfredi — Crime Victim Rights Act Petitioners.

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made so the judges of this Court may evaluate possible disqualification or recusal.

**Petitioners**

The underlying reassertion of a Crime Victims' Rights Act (CVRA) petition arises out of the crashes of two Boeing 737 MAX aircraft: (1) the crash of Lion Air Flight 610 into the Java Sea near Jakarta, Indonesia, on October 29, 2018, which killed all 189 passengers and crew on board; and (2) the crash of Ethiopian Airlines Flight 302 near Ejere, Ethiopia, on March 10, 2019, which killed all 157 passengers and crew on board. The families of the 346 persons killed in the two crashes have an interest in this case.

The CVRA petition below was filed by a subset of the crashes' victims' families—more than two dozen, who assumed rights as representatives of their family members who were killed in crashes of Lion Air Flight JT 610 and ET Flight 302. Those representatives are now proceeding collectively, but were represented by separate counsel in the district court:

**Naoise Connolly Ryan;**
**Emily Chelangat Babu and Joshua Mwazo Babu;**

**Catherine Berthet;**
**Huguette Debets;**
**Bayihe Demissie;**
**Luca Dieci;**
**Zipporah Muthoni Kuria;**
**Javier de Luis;**
**Nadia Milleron and Michael Stumo;**
**Chris Moore;**
**Paul Njoroge;**
**Yuke Meiske Pelealu;**
**John Karanja Quindos;**

These victims' representatives listed above were represented by legal counsel Paul G. Cassell et al. in the court below.

And in addition:

**Rini Soegiyono;**
**Dayinta Anggana;**
**Helda Aprilia;**
**Serly Oktaviani;**
**Wilson Sandi;**
**Hendrarti Hendraningrum;**
**Dody Widodo;**
**Myrna Juliasari;**
**Merdian Agustin;**
**Adhitya Wirawan;**
**M. Sholekhudin Zuhri;**
**Siska Ong;**
**Wenny Sia Wijaya;**
**Suharto;**
**Rohmiyatun;**
**Sri Umi Anggraini;**
**Permana Anggrimulja.**

These victims' representatives listed above were represented by legal counsel Sanjiv Singh et al. in the court below.

And in addition:

**Linda Manfredi;**
**Sonia Lorenzoni;**
**Maurizio Manfredi.**

The victim representatives listed above were represented by legal counsel Filippo Marchino et al. in the court below.

These families are the petitioners in this case, proceeding as representatives of their family members killed in the crashes.

In addition to the family members identified above, there is a larger group of persons who may be interested in the outcome of this litigation—i.e., **family members who serve as representatives of other victims of the two crashes**. *Cf.* 5th Cir. R. 28.2.1 (allowing certificate of interested persons to include a generic description).

**Counsel for Petitioners**:

**Paul G. Cassell** (lead counsel)
**Robert A. Clifford**
**Tracy A. Brammeier**
**Erin R. Applebaum**
**Warren T. Burns**
**Darren P. Nicholson**
**Kyle Kilpatrick Oxford**
**Chase Hilton**

**Sanjiv N. Singh**

**Filippo Marchino**
**Charles S. Siegel**

**Counsel for Other Crash Victims:**

Certain other crash victims are represented by counsel, and those victims and their counsel did not file or join the objections below at issue. Their counsel are:

**Adrian Vuckovich**
**Jason Robert Marlin**

The families bringing this petition have also received amicus support.

**Amicus Senator Ted Cruz:**

United State Senator Ted Cruz from Texas filed an amicus brief in support of petitioners below.

**Counsel for Ted Cruz**

**Nicholas Jon Ganjei**

**Respondent United States**

One respondent is the **United States.**  The underlying deferred prosecution and non-prosecution agreements at issue was negotiated by attorneys for the United States Department of Justice, Criminal Division, Fraud Section, and United States Attorney's Office for the Northern District of Texas.

**Counsel for the United States**

**Chad E. Meacham**
**Alex C. Lewis**
**Allan Jonathan Medina**
**Carlos Antonio Lopez**
**Cory E. Jacobs**
**Jerrob Duffy**
**Lorinda I. Laryea**
**Michael T. O'Neill**
**Scott Philip Armstrong**
**Sean P. Tonolli**
**Daniel S. Kahn**
**William Connor Winn**
**Alex Lewis**
**Jeremy Raymond Sanders**
**Nancy E. Larson**
**Glenn Leon**

**Movant Erin Nealy Cox**

Erin Nealy Cox filed a motion below.

**Counsel for Erin Nealy Cox**

**Marianne Auld.**

**Respondent The Boeing Company**

Another Respondent is **The Boeing Company.** The Boeing Company has no parent corporations and is publicly traded on the NYSE (BA). However, as of December 31, 2012, State Street Corporation, a publicly held company whose subsidiary, State Street Bank and Trust Company, acts as trustee of the Boeing Company Employee Savings Plan Master Trust, has a beneficial ownership of 10% or more of the outstanding stock of The Boeing Company.

**Counsel for The Boeing Company**

In the district court, Boeing has been represented by lawyers from (among other firms) Kirkland & Ellis and McGuireWoods LLP. Boeing's lawyers have been:

**Richard B. Roper, III**
**Benjamin L. Hatch**
**Brandon M. Santos**
**Elissa N. Baur**
**Craig S. Primis**
**Ian Brinton Hatch**
**Jeremy A. Fielding**
**Mark Filip**
**Patrick Haney**
**Richard Cullen**
**John R. Lausch, Jr.**
**Michael P. Heiskell**
**Ralph N. Dado, III**
**C. Harker Rhodes**

**Movant Polskie Linie Lotnicze Lot S.A.**

Polish Airlines, legally incorporated as Polskie Linie Lotnicze LOT S.A. is wholly owned by Polish Aviation Group (Polish: Polska Grupa Lotnicza S. A.), a Polish state-owned holding company. It filed a motion in the case below and pursued relief in this Court earlier.

**Counsel for LOT**

**Anthony U. Battista**
**Evan Kwarta**
**Jeffrey W. Hellberg**
**Colin Patrick Benton**
**Mary Dow**
**David J. Drez, III**
**Diana Gurfel Shapiro**

**Movant Smartwings A.S.**

Smartwings, A.S. filed a motion in the case below and pursued relief in this Court earlier. It is a European-based airline with its headquarters in the Czech Republic.

**Counsel for Smartwings A.S.**

**David M. Schoeggl**
**Jeffrey Richard Gilmore**
**Katherine A. Staton**
**Katie D. Bass**
**Callie A. Castillo**

**Anthony P. Keyter** has also been a pro se litigant in this matter.

These petitioners have previously been to the Fifth Circuit on an earlier assertion of this mandamus petition. *In re Ryan*, No. 23-10168.

In that case, petitioners received amicus support from the **National Crime Victim Law Institute.**

Counsel for NCVLI was **Margaret Ann Garvin**.

LOT was also a petitioner in the earlier Circuit proceeding, represented by counsel listed above.

In response to the earlier mandamus petition, the United States and Boeing filed oppositions. The United States was represented by counsel listed above.

In this Court, Boeing was represented (in addition to attorneys listed above) by attorneys from Clement and Murphy, specifically:

**Paul D. Clement**
**Mariel A. Brookins**

**Respondent U.S. District Court for the Northern District of Texas**

Because this is a mandamus petition filed under the Crime Victims' Rights Act, the United States District Court for the Northern District of Texas (O'Connor, J.) is technically a nominal respondent.

# TABLE OF CONTENTS

**CERTIFICATE OF INTERESTED PARTIES AND CORPORATE DISCLOSURE STATEMENT** .................................................................. iii

**TABLE OF CONTENTS**……………………………………………………...x

**TABLE OF AUTHORITIES** ................................................................ xi

**Procedural Background** ........................................................ 2

**Discussion** .............................................................................. 3

**Conclusion** ............................................................................. 6

**CERTIFICATE OF SERVICE** .......................................................... 8

**CERTIFICATE OF COMPLIANCE** ................................................. 9

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*In re Gee*, 941 F.3d 153 (5th Cir. 2019) (per curiam) ............................ 16

*In re Ryan*, No. 23-10168, 88 F.4th 614 (5th Cir. 2023) ............... 12, 13, 16

**Statutes**

18 U.S.C. § 3771(d)(3) ......................................................................... 14

**Other Authorities**

150 CONG. REC. 22953 (Oct. 9, 2004) .................................................. 15

Alexandra L. Newman, *The Circuit Rider: The Seventh Circuit's Uncodified
   Operating Procedure*, 62 FED. LAW. 36, 37 (Apr. 2015) ..................... 15

D.C. Cir., *Handbook of Practice and Internal Procedures* 28 (Dec. 1, 2022) ....... 16

Fed. Jud. Ctr., *Case Management Procedures in the U.S. Courts of Appeals* 13 (2d
   ed. 2011) .......................................................................................... 15

Jonathan L. Entin, *The Sign of "The Four:" Judicial Assignment and the Rule of
   Law*, 68 MISS. L.J. 369, 390 (1998) .................................................. 15

Marin K. Levy, *Panel Assignment in the Federal Courts of Appeals*, 103 CORNELL
   L. REV. 65, 86–87 (2017) .................................................................. 15

Paul G. Cassell, *Protecting Crime Victims in Federal Appellate Courts: The Need
   to Broadly Construe the Crime Victims' Rights Act's Mandamus Provision*, 87
   DENV. L. REV. 599, 621-29 (2010) ................................................... 15

**Rules**

4th Cir. I.O.P. 34.1 ............................................................................... 16

7th Cir. I.O.P. 6(b) ............................................................................... 16

9th Cir. Gen. Order VI ......................................................................... 16

Fed. Cir., Internal Operating Procedures #2(4), (9), at 3–4 (Mar. 1, 2022) ............ 16

**MOTION FOR ASSIGNMENT OF A REASSERTED PETITION FOR A CVRA WRIT OF MANDAMUS BACK TO THE SAME PANEL THAT HANDLED THE EARLIER PETITION**

Petitioners, Ms. Naoise Connolly Ryan et al. (hereinafter "victims' families"), move this Court to assign their Reassertion of a Petition for a Writ of Mandamus Pursuant to the Crime Victims' Rights Act (CVRA) to the same three-judge panel (Clement, Southwick, and Higginson, Circuit Judges) who previously heard their original CVRA petition. *See* Order, *In re Ryan*, No. 23-10168, 88 F.4th 614 (5th Cir. Dec. 15, 2023).

Today, the victims' families reassert essentially the same claims that they originally presented to this Court, arising from the same underlying district court criminal case. A panel of this Court denied the families' original petition as "premature." 88 F.4th at 627. The panel's denial was specifically "without prejudice." *Id.* at 629. It thus appears that the previous panel envisioned retaining jurisdiction over any subsequent petition involving the same issues. Assigning the petition to the same panel already familiar with these complicated issues will also serve judicial economy and facilitate an expedited ruling on waiver of the hyper-accelerated 72-hour decision timeline that would otherwise apply to this CVRA petition. Accordingly, the Court should assign this petition back to that same panel.

## **Procedural Background**

As explained at greater length in the simultaneously filed reassertion of a CVRA petition, the pending petition arises from the criminal prosecution of Boeing for defrauding the FAA. In 2022 and early 2023, the district court below found that the Government violated the CVRA rights of the victims' families when it negotiated a deferred production agreement (DPA). But the district court refused to grant any relief. In February 2023, the families sought CVRA mandamus relief in this Court. Ultimately, following extended briefing and oral argument, in December 2023, this Court (Clement, Southwick, and Higginson, Circuit Judges) denied the families' challenge to the DPA in a published opinion. *In re Ryan*, No. 23-10168, 88 F.4th 614 (5th Cir. 2023). This Court denied the petition as "premature," explaining that, if and when "judicial approval is sought to resolve the instant case, the district court has an ongoing obligation to uphold the public interest and apply the CVRA." *Id.* at 627. Accordingly, this Court denied mandamus relief "without prejudice" because it was "confident that the district court will uphold victims' CVRA rights through the instant criminal proceedings, above all when, how, and if judicial approval is sought to resolve this case." *Id.* at 627, 629. Judge Clement concurred, explaining that "our decision should not be read as holding that the district court was prohibited from setting aside the DPA at an earlier stage of these proceeding …." *Id.* at 629 (Clement, J., concurring).

Thereafter, following various proceedings below, in May of this year, the parties entered into a non-prosecution agreement (NPA). After executing the NPA, the Government moved the District Court to dismiss the pending charge against Boeing. Appx. 813-36.

The victims' families objected to the dismissal, raising (among other arguments) the fact that the NPA improperly rested on the illegally negotiated DPA that the families had previously challenged before this Court. Following a hearing, last Thursday, the district court nonetheless granted the Government's motion to dismiss.  Opinion Below at 10 (attached to CVRA petition).

The families have now filed a new CVRA petition, reasserting essentially the same claims that this Court earlier rejected "without prejudice" and as "premature." Specifically, as the families argued in their 2023 petition, the families once again argue that the DPA should be set aside to protect their CVRA rights. Because this petition is filed under the CVRA, this Court must rule on the petition within 72 hours or grant a proposed waiver of that accelerated timeline. *See* 18 U.S.C. § 3771(d)(3).

## Discussion

The families respectfully request that their (re)filed petition be assigned to the same three-judge panel that previously considered their case for ten months, through briefing, oral argument, and ultimately a lengthy published opinion. To be sure, that panel originally *denied* the families' earlier petition—concluding it was

"premature." But the panel is familiar with the factual and legal issues surrounding the families' arguments and their CVRA challenge to the DPA—familiarity which will facilitate a well-reasoned decision on the families' reassertion of their claims.

Sending a second case presenting the same issues back to the previous panel is a natural way to "avoid the waste of judicial resources that occurs when judges unfamiliar with a case must learn it anew." Alexandra L. Newman, *The Circuit Rider: The Seventh Circuit's Uncodified Operating Procedure*, 62 FED. LAW. 36, 37 (Apr. 2015). As another commentator has explained, "some cases appear in a court more than once" and "returning the matter to the same judge or panel that heard it before conserves judicial resources." Jonathan L. Entin, *The Sign of "The Four:" Judicial Assignment and the Rule of Law*, 68 MISS. L.J. 369, 390 (1998). Sending the same issues back to the same panel also avoids the "equivalent of umpires changing in the middle of the game." Marin K. Levy, *Panel Assignment in the Federal Courts of Appeals*, 103 CORNELL L. REV. 65, 86–87 (2017).

When a second or subsequent appeal[1] regarding the same issue is presented to a Court of Appeals, the Federal Judicial Center's Manual explains that "[t]he court

---

[1] While the families are proceeding by way a CVRA mandamus petition, Congress has recognized that this petition is the functional equivalent of an appeal. *See* 150 CONG. REC. 22953 (Oct. 9, 2004) (statement of Sen. Kyl). *See generally* Paul G. Cassell, *Protecting Crime Victims in Federal Appellate Courts: The Need to Broadly Construe the Crime Victims' Rights Act's Mandamus Provision*, 87 DENV. L. REV. 599, 621-29 (2010).

tries to assign judges who have had previous involvement with a case on appeal …
to hear the case," elaborating that "the original panel will determine whether the
second appeal should be submitted to it for decision." Fed. Jud. Ctr., *Case
Management Procedures in the U.S. Courts of Appeals* 13 (2d ed. 2011).

Several Circuits (other than this Circuit) have specific rules sending an appeal
back to the same panel that originally handled the matter. *See, e.g.,* 7th Cir. I.O.P.
6(b); 4th Cir. I.O.P. 34.1; 9th Cir. Gen. Order VI; D.C. Cir., *Handbook of Practice
and Internal Procedures* 28 (Dec. 1, 2022). Fed. Cir., Internal Operating Procedures
#2(4), (9), at 3–4 (Mar. 1, 2022). So far as undersigned counsel has been able to
determine, this Circuit does not have a specific rule governing the assignment of a
second, successive case presenting identical issues. Instead, it appears that the
Clerk's Office makes an appropriate decision when a case returns to the Circuit.

In some cases, Fifth Circuit panels have specifically stated they will "retain
jurisdiction" over subsequent appeals or petitions in the same matter. *See, e.g.*, *In re
Gee*, 941 F.3d 153, 173 (5th Cir. 2019) (per curiam). Here the panel handling the
victims' families' original petition appeared to envision that it would retain
jurisdiction. While it did not use the precise terms "retain jurisdiction," that was
likely because the panel was, in its words, "confident" that the district court would
enforce the families' rights. 88 F.4th at 627. The panel also specifically stated it was
denying the families' petition only because it was "premature" and that the denial

was "without prejudice." Against this backdrop, that same panel is best positioned to now determine whether the district court followed the panel's instructions in the earlier decision.

Assigning this petition back to the same panel will also facilitate an expedited ruling on whether to approve a joint motion from the parties (the families, the Government, and Boeing) to waive the presumptive 72-hour requirement for a decision on any CVRA petition. The families have filed this motion contemporaneously with this motion, proposing a briefing schedule that will allow all briefs to be filed by around the end of the year. The Government has stipulated to the motion. Boeing has stipulated to the waiver of the 72-hour requirement but believes that the families should file only a single petition, rather than the two that the families will be filing (i.e., the already-filed petition involving the DPA and a soon-to-be filed petition involving the NPA). Against this backdrop of a required, lightning-quick decision on whether to allow the waiver, assigning the case to the same panel will facilitate judicial economy and a rapid ruling on the motion attempting to waive the 72-hour requirement.

## Conclusion

The Court should assign the families' petition re-asserting their CVRA claims to the same panel that initially heard those claims.

Dated: November 13, 2025                    Respectfully submitted,

                                            /s/ Paul G. Cassell

Warren T. Burns                             Paul G. Cassell (Utah Bar No. 06078)
(Texas Bar No. 24053119)                    (Counsel of Record)
Darren P. Nicholson                         Utah Appellate Project
Chase Hilton                                S.J. QUINNEY COLLEGE OF LAW
BURNS CHAREST LLP                           University of Utah
900 Jackson Street, Suite 500               383 S. Univ. St.
Dallas, Texas 75202                         Salt Lake City, UT 84112
Telephone: (469) 904-5002                   Telephone: (801) 585-5202
wburns@burnscharest.com                     cassellp@law.utah.edu
nicholson@burnscharest.com                  (no institutional endorsement implied)
chilton@burnscharest.com

                                            Robert A. Clifford
Erin R. Applebaum                           Tracy A. Brammeier
KREINDLER & KREINDLER                       CLIFFORD LAW OFFICES PC
LLP                                         120 North LaSalle Street, 36th Floor
485 Lexington Avenue, 28th Floor            Chicago, Illinois 60602
New York, New York 10017                    Telephone: (312) 625-6192
Telephone: (212) 687-8181                   rac@cliffordlaw.com
eapplebaum@kreindler.com                    tab@cliffordlaw.com

Charles S. Siegel
Waters & Kraus LLP
siegel@waterskraus.com

Sanjiv N. Singh
Sanjiv N. Singh, A Professional
Law Corp
ssingh@sanjivnsingh.com

Filippo Marchino
The X-Law Group PC
fm@xlawx.com

*Attorneys for Crime Victims' Representatives-Petitioners*

## CERTIFICATE OF SERVICE

I certify that on November 13, 2025, the foregoing document was served on the parties to the proceedings below (i.e., the Government and The Boeing Company) through the Court's CM/ECF filing system.

*/s/ Paul G. Cassell*
Paul G. Cassell

# CERTIFICATE OF COMPLIANCE

I certify that:

(1) This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because it contains fewer than 5,200 words, excluding the parts of the motion exempted by Fed. R. App. P. 32(f) and Circuit Rule 32.2.

(2) This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the typestyle requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point font.

(3) Any required privacy redactions have been made pursuant to Circuit Rule 25.2.13, the electronic submission is an exact copy of the paper submission, and the motion has been scanned for viruses using Windows Defender and is free of viruses.

November 13, 2025

*/s/ Paul G. Cassell*
Paul G. Cassell